825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jason K. MITHRANDIR, Plaintiff-Appellant,
v.
John W. PRELESNIK, Richard Trudell, Defendants-Appellees.
 No. 86-2091
 United States Court of Appeals, Sixth Circuit.
 July 31, 1987.
 ORDER
 
 1
 Before KENNEDY and NELSON, Circuit Judges, and WEBER, District Judge.*
 
 
 2
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination or the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff was a prisoner at the State Prison for Southern Michigan. The defendants are prison officials. The plaintiff raised issues concerning administrative segregation, the use of restraints, denial of access to the courts, a false misconduct charge, and the application of state fire and building regulations. Although the district court initially entered default against the defendant, the court subsequently set aside the default and dismissed the case for failure to state a claim.
 
 
 4
 We affirm the district court's setting aside the entry of default. For the reasons stated in the district court's opinion, we also affirm the dismissal of the administrative segregation, use of restraints, denial of access, misconduct charge, and state regulations issues.
 
 
 5
 We offer the following additional observations on the denial of access claim. For such a claim to be sustainable, a prisoner must allege that prison officials denied him adequate, effective and meaningful access to the courts. Walker v. Mintzes, 717 F.2d 920, 931-32 (6th Cir. 1985). The plaintiff's complaint did not make such an allegation; all that was alleged, rather, was a denial of access to the plaintiff's personal legal papers. (These papers were said to pertain to cases 'wholly unrelated to the case at bar.') The brief filed in support of the plaintiff's motion for judgment by default does assert that the denial of access to the plaintiff's personal legal papers caused adverse rulings in two of the cases in question, but the brief also shows that the denial of access to the papers lasted only 23 days, and further shows that the plaintiff, if not actually represented by counsel, had been receiving legal advice from an attorney in Detroit. In the absence of any factual allegations suggesting that the relatively brief denial of the plaintiff's access to his personal legal papers irreparably prejudiced his position in the other cases, we do not believe that the district court erred in dismissing, for failure to state a claim, the portion of the plaintiff's complaint dealing with this issue.
 
 
 6
 The motion for counsel is denied. The judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation